990

## LACY v. RAILROAD COMMISSION OF TEXAS et al.
### No. 510.

District Court, W. D. Texas, Austin Division.
April 29, 1935.

Eugene H. Murphy, of Longview, Tex., for complainant W. D. Lacy.

William McCraw, Atty. Gen., W. J. Holt and William C. Davis, Asst. Attys. Gen., and Claude Pollard, of Austin, Tex. (Maurice Cheek, of Fort Worth, Tex., of counsel), for defendant railroad companies.

G. B. Ross, of Galveston, Tex., for G. C. & S. F. Ry. Co.

R. H. Kelley, of Houston, Tex., for trustees, International-Great Northern R. Co.

Mastin G. White, of Washington, D. C., for Atty. Gen of the United States.

HUTCHESON, Circuit Judge, and WEST and KENNERLY, District Judges.

PER CURIAM.

Plaintiff in this suit seeks an interlocutory and permanent injunction against state officers, restraining them from preventing the shipment of plaintiff's oil. This case is different from the three others this day decided, Melton v. Railroad Commission (D. C.) 10 F. Supp. 984; Hercules Oil Co. v. Ernest O. Thompson and George C. Peterson Co. v. Ernest O. Thompson et al. (D. C.) 10 F. Supp. 988. The claim is that the order refusing him a permit and the regulations sought to be enforced against him are invalid because though his oil was not illegally produced, the regulations under which he must apply for a permit and the order refusing it, make it impossible for him to ship it, since they require him to do what cannot possibly be done; that is, show the lease from which his oil came, when the oil he owns is waste oil, lost in lawful operations from many leases drained into and through creeks and ditches and gathered up by his vendor and now his property. His bill alleges and the proof shows that the Commission refused his permit, not on the ground that he was undertaking to transport illegal oil, but on the ground that he did not show the leases from which it came. He argues that to so apply the regulations requiring application for and the issuance of a permit before oil is shipped is not due process, but confiscation.

We agree with plaintiff. The power which the Commission exercises in making the regulations and orders under them is not a power to prevent commerce in oil, or to make it difficult or impossible for legal oil to move. It is a power only to prevent violation of the laws against illegal production. It does not extend to absolutely preventing the movement in commerce of oil not illegally produced. The Commission's regulations and its practices must have a reasonable relation to the power it has a right to exert. The action it took here is not reasonable. Its regulation, as it applied it, was not reasonably applied. As applied, it had no just relation to the power granted. On the showing plaintiff makes and made, he had a right to ship the oil he legally owns. The Commission's rules and regulations, and its authority in connection with the shipment of oil not extending to the placing of an embargo on commerce in it, must be reasonably applied to effect the desired end to prevent the movement of illegally produced oil, and no more proof may be required of an applicant than the nature of his case admits of.

■ It does not follow, however, that the injunction should now issue, for it is quite clear from the proof, in fact, from plaintiff's own admissions, that the permit he asks for should not have been granted. It should not have been granted, not for the reason the Commission gave, that he could not show the leases the oil came from, but for the reason that his application was for a permit to ship 25,000 barrels, when according to his own admissions he did not have more than 13,000 barrels. On the other hand, he should not be entirely denied relief. The order in this case will be, the application for temporary injunction is denied, and the order on final hearing will be withheld to give plaintiff an opportunity to make a new application for a permit to ship the number of barrels he had. If a hearing be not accorded in a reasonable time, or if action be not in a reasonable time taken thereon, or if after such hearing the Commission should refuse the permit, plaintiff shall have the right to apply to this court for final relief.